IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANK L. PETTY,<br>Plaintiff,<br>v.<br>MOUNTAIN CRANE SERVICES, et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:26-cv-00878-PK<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Appoint Counsel.[1] Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion, appoint counsel.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4] When deciding whether to appoint counsel, the Court considers a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5]

Considering the above factors, the Court concludes appointment of counsel is not warranted at this time. It is unclear at this point whether Plaintiff's claims are meritorious, the

[1] Docket No. 2, filed September 22, 2026.

[2] See *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] 28 U.S.C. § 1915(e)(1).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

factual issues are relatively straightforward, Plaintiff has the ability to present his claims, and the legal issues are not overly complex. Thus, the Court will deny Plaintiff's Motion to Appoint Counsel (Docket No. 2) without prejudice. The Court will reevaluate Plaintiff's request for appointed counsel after it has screened this action under 28 U.S.C. § 1915(e) and DUCivR 3-2(b).

SO ORDERED.

DATED this 23rd day of September, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge