IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRANK L. PETTY,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN CRANE SERVICES, LLC, and LONGHORN PROPERTY MAINTENANCE, LLC, dba LONGHORN GENERAL CONTRACTOR,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br>Case No. 2:26-cv-00878-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

## I. BACKGROUND

Plaintiff filed this action on September 22, 2026. Plaintiff is proceeding pro se and in forma pauperis. Plaintiff brings claims against his former employers for conduct that occurred while he worked for them at Hill Air Force Base. Plaintiff alleges that he was assaulted by a co-worker and then was terminated. Plaintiff contends that Defendants breached their duty to provide a safe and "hostile free" work environment.

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which

relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[1]

Under Federal Rule of Civil Procedure 8, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." As explained by the Tenth Circuit, compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[2] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the Court to conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[3]

Plaintiff's Complaint fails to adequately explain what legal right he believes Defendants violated. Plaintiff's Complaint is largely focused on an assault by a coworker. The Utah Supreme Court has "recognized that an employer can be vicariously liable for the intentional tortious acts

---

[1] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[2] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[3] *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989); s*ee also Nasious*, 492 F.3d at 1163 (a plain statement under rule 8 provides a Defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

of employees under the theory of respondeat superior if those acts are conducted within the scope of employment."[4] The Court looks at three criteria to determine whether conduct was within the scope of employment. The employee's conduct must (1) "be of the general kind the employee is employed to perform," (2) "occur within the hours of the employee's work and the ordinary spatial boundaries of the employment," and (3) "be motivated, at least in part, by the purpose of serving the employer's interest."[5] The employer faces "no vicarious liability if the employee acts entirely on personal motives unrelated to the employer's interests."[6] There are no allegations that would support that Defendants are responsible for the assaultive behavior of Plaintiff's co-worker and it is largely understood "that assaults generally do not serve corporate interests or the employer's interests."[7] Without further information, any claim against Plaintiff's employer based on the assault fails.

As a military base, Hill Air Force Base is considered a federal enclave subject to the federal enclave doctrine.[8] "The central principle of federal enclave doctrine is that Congress has exclusive legislative authority over these enclaves. But in the absence of applicable federal legislation displacing state law, those state laws that existed at the time that the enclave was ceded to the federal government remain in force."[9] "State law adopted before the enclave's creation also remains in force; but subject to certain exceptions . . . state law adopted after the

---

[4] *Clark v. Pangan*, 2000 UT 37, ¶ 8, 998 P.2d 268.

[5] *Birkner v. Salt Lake Cnty.*, 771 P.2d 1053, 1056–57 (Utah 1989).

[6] *Clark*, 2000 UT 37, ¶ 18.

[7] *Helf v. Chevron U.S.A., Inc.*, 2009 UT 11, ¶ 49, 203 P.3d 962 (Utah 2009).

[8] *Allison v. Boeing Laser Tech. Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012).

[9] *Id.* at 1237.

enclave's creation does not."[10] Plaintiff should keep this in mind when determining which claim(s) he may attempt to assert.

Congress has permitted state workers' compensation laws to apply in federal enclaves.[11] Utah's Workers' Compensation Act is a worker's "exclusive remedy" for "any accident or injury" suffered in the course of employment.[12] The Act "relieves employers of any common law liability for injuries sustained by an employee on account of any accident or injury or death that is contracted, sustained, aggravated, or incurred by the employee in the course of or because of or arising out of the employee's employment."[13] While there is an exception for intentional torts, Plaintiff has failed to adequately allege that his employer intended or directed the assault for the same reasons stated above.[14] As such, Utah's Workers' Compensation Act's exclusivity provision potentially bars his claims. Plaintiff should consider this in amending his Complaint.

Finally, Plaintiff makes conclusory allegations that Defendants did not provide a safe and "hostile free" environment. Plaintiff may be attempting to assert a claim under Title VII. "Title VII of the Civil Rights Act of 1964 . . . prohibits employment discrimination on the basis of race, color, religion, sex, or national origin."[15] "Under Title VII, a plaintiff can prove discrimination in

---

[10] *Bisconte v. Sandia Nat'l Labs.*, No. 21-2133, 2022 WL 3910509, at *3 (10th Cir. Aug. 31, 2022) (unpublished).

[11] 40 U.S.C. § 3172(a).

[12] Utah Code Ann. § 34A-2-105(1).

[13] *Helf*, 2009 UT 11, ¶ 16 (internal quotation marks and citation omitted).

[14] *Id.* ¶ 22 ("[T]he exclusive remedy provision barred any common law action against the employer unless he or she intended or directed the injurious act of the coworker.") (internal quotation marks and citation omitted).

[15] *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

several different ways, including proof of a hostile work environment or disparate treatment."[16] "An employer creates a hostile work environment when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[17]

Plaintiff fails to allege that his alleged mistreatment was on the basis of race, color, religion, sex, or national origin. Additionally, Plaintiff fails to allege sufficient facts to support a claim for hostile work environment or disparate treatment. Without such allegations, any claim under Title VII must fail. Based on these deficiencies, Plaintiff must amend his Complaint before proceeding.

## III. CONCLUSION

It is therefore

ORDERED that by October 27, 2026, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it either for dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

---

[16] *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021).

[17] *Iweha v. Kansas*, 121 F.4th 1208, 1221 (10th Cir. 2024) (internal quotation marks and citations omitted).

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 3) is again temporarily GRANTED. It is further

ORDERED that Plaintiff's Second Motion for Leave to Proceed in Forma Pauperis (Docket No. 10) is MOOT.

DATED this 6th day of October, 2026.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge